UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| BEAU RIVERE, L.L.C.,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-01008 |
| VERSUS | JUDGE DRELL |
| FRED'S STORES OF<br>TENNESSEE, INC.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## SUA SPONTE JURISDICTIONAL REVIEW BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant Fred's Stores of Tennessee, Inc. ("Fred's") (Doc. 1). Fred's premises federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). Further, "when jurisdiction depends on citizenship, citizenship must

be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the single State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014); Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F.3d 97, *2 (1999). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenships of all its members. See Harvey, 542 F.3d at 1079-80.

Fred's alleges that it is Delaware corporation with its principal place of business in Texas. (Doc. 1).

Fred's alleges that Plaintiff Beau Rivere, L.L.C. is "a Louisiana L.L.C." (Doc. 1). Because Fred's has not alleged the identities and citizenships of the members of Beau Rivere, L.L.C., its citizenship is not properly alleged.

2

Accordingly, diversity of citizenship at the time of removal is not clear. Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendant Fred's shall file: (1) a Jurisdictional Memorandum setting forth the identity and citizenship of every member of Beau Rivere, L.L.C.; and (2) a motion for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiff will be allowed **7 days** from receipt of Defendant's jurisdictional memorandum to file a Response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  19th day of August, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge